**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO JACUINDE-NAMBO, | No. 14-73882 |
| Petitioner, | Agency No. A205-115-759 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Pedro Jacuinde-Nambo, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Jacuinde-Nambo does not make any arguments challenging the agency's dispositive conclusion that his asylum application was untimely, and that he failed to establish any changed or extraordinary circumstances to excuse its untimeliness. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not supported by argument are deemed abandoned). Thus, we deny the petition as to Jacuinde-Nambo's asylum claim.

Substantial evidence supports the agency's determination that Jacuinde-Nambo failed to establish he was persecuted in Mexico, *see Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) ("Random, isolated criminal acts perpetrated by anonymous thieves do not establish persecution[]"), and its conclusion that he did not establish he would be harmed on account of a protected ground if returned to Mexico, *see Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by

gang members bears no nexus to a protected ground"). Thus, Jacuinde-Nambo's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief, because Jacuinde-Nambo failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Mexican government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**